UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

№ 20-CV-2787 (WFK) (RER)

———————————

LUMEN ALTRE,

Plaintiff,

VERSUS

WHOLE FOODS MARKET GROUP, INC.,

Defendant.

———————————

**Report & Recommendation**

April 19, 2021

———————————

TO THE HONORABLE WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

**RAMON E. REYES, JR., U.S.M.J.:**

On February 3, 2020, Lumen Altre ("Plaintiff") commenced this action against Whole Foods Market Group, Inc. ("Defendant") in state court for claims relating to injuries she allegedly sustained at Defendant's store in New York County. (Dkt. No. 1-3 ("Compl.") ¶ 25). After the action was removed to this Court and her counsel withdrew due to his inability to contact Plaintiff, Plaintiff failed to appear *pro se* at two consecutive conferences despite being warned that failure to appear would result in a report recommending dismissal of her case for failure to prosecute and failure to follow a court order. (Dkt. Entries dated 10/15/2020 and 12/15/2020). For the reasons discussed herein, I respectfully recommend *sua sponte* that the Court dismiss without prejudice

-1-

Plaintiff's action for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41 ("Rule 41").

## BACKGROUND

On February 3, 2020, Plaintiff filed this action in the Supreme Court of the State of New York, County of Queens. Plaintiff alleges that in October 2018 she was injured in Defendant's store by falling shelving and merchandise. (Compl. ¶ 25). On June 23, 2020, Defendant removed the action to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. On July 21, 2020, Plaintiff's Counsel filed a motion to withdraw as her attorney, which was granted the following month.[1] (Dkt. No. 9 ("Mot. to Withdraw"); Minute Order dated 08/24/2020). Plaintiff's Counsel mailed a copy of both the Motion to Withdraw and the Minute Order dated 07/16/2020 to Plaintiff's last known address, advising Plaintiff that she had thirty (30) days to inform the Court whether she intended to retain new counsel or prosecute this matter *pro se*. (Dkt. No. 9-1 ¶ 5; Dkt. No. 9-4). Since Plaintiff's Counsel withdrew, no new counsel appeared, and Plaintiff proceeded *pro se*. Plaintiff, however, has failed to appear for all subsequent conferences.

On September 25, 2020, the Court scheduled a telephonic conference for October 15, 2020, and had notice of the conference mailed to Plaintiff at her last known address. Plaintiff failed to appear at the scheduled conference. (Minute Entry dated 10/15/2020). Another telephone conference was scheduled for December 15, 2020. (Minute Entry dated 10/15/2020). In the scheduling order, Plaintiff was warned that failure to appear would result in a recommendation for dismissal. (*Id.*). A copy of the scheduling order was mailed to Plaintiff at her last known address.

---

[1] In her motion, Plaintiff's Counsel informed the Court that Plaintiff moved to the Philippines. (Mot. to Withdraw at 3). According to Plaintiff's former Counsel, Plaintiff does not have internet or email access while in the Philippines and does not the means to return to the United States or an anticipated return date. (*Id.*).

Plaintiff again failed to appear at the conference. (Minute Entry dated 12/15/2020). At that hearing, the Court noted that Plaintiff's continued failure to appear warranted a recommendation of dismissal for failure to prosecute and failure to comply with a court order. (*Id.*). A copy of the Minute Entry was sent to Plaintiff via regular mail. Plaintiff has not contacted the Court since then.

## DISCUSSION

It is well-settled that a "district court may, *sua sponte*, dismiss an action for lack of prosecution pursuant to Fed. R. Civ. P. Rule 41(b)." *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993); *see e.g., Murray v. N.Y.C. Dep't of Corr.*, No. 16-CV-0676 (AMD) (ST), 2016 U.S. Dist. LEXIS 178892, at *4 (E.D.N.Y. Dec. 23, 2016). "[T]he Second Circuit has 'recognized that a Rule 41(b) dismissal is a harsh remedy [that] is appropriate only in extreme situations.'" *Miller v. Cty. of Nassau*, No. 12-CV-4466 (JS) (AYS), 2017 U.S. Dist. LEXIS 70073, at *7 (E.D.N.Y. May 5, 2017) (quoting *Sorokin v. N. Y. Cty. Dist. Att'y's Off.* 535 F. App'x 3, 5 (2d Cir. 2013)). "This is particularly true where a plaintiff is proceeding *pro se*." *Abreu v. Weston*, No. 18-CV-0186 (MAD) (ATB), 2020 U.S. Dist. LEXIS 17885, at *4 (N.D.N.Y. Feb. 3, 2020) (citing *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)); *see e.g.*, *McDonald v. Head Criminal Court Superior Officer*, 850 F.2d 121, 124 (2d Cir. 1988) ("*Pro se* litigants may in general deserve more lenient treatment than those represented by counsel . . .") Nevertheless, "[dismissal] for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982). Consequently, courts have "repeatedly found that dismissal of an action is warranted when a litigant, whether represented or instead proceeding *pro se*, fails to comply with legitimate court directives." *Miller*, 2017 U.S. Dist. LEXIS 70073, at *7

(quoting *Robinson v. Sposato*, No. 13-CV-3334 (JFB) (WDW), 2014 U.S. Dist. LEXIS 59303, at *1 (E.D.N.Y. Apr. 24, 2014)).

The Second Circuit considers five factors when weighing dismissal under Rule 41(b): "(1) the duration of plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudice by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Lucas*, 84 F.3d at 535. Here, each of the five factors supports dismissal of this action.

The first factor considers both "(1) whether the failures to prosecute were those of the plaintiff, and (2) whether these failures were of significant duration." *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 255 (2d Cir. 2004). Here, the failure to prosecute is entirely attributable to Plaintiff. Plaintiff has failed to appear at two court-ordered conferences (Minute Entry dated 10/15/2020; Minute Entry dated 12/15/2020), has not provided the Court with her updated contact information[2], and has made no attempt whatsoever to contact the Court since her attorney withdrew nine months ago.

First, the Court considers whether the delay was significant in duration. *Drake*, 375 F.3d at 255. Courts in the Second Circuit have found delays as short as three months to be significant in duration. *See Folk v. Barton*, No. 15 Civ. 6443 (AJN) (JCF), 2016 WL 8993874 (S.D.N.Y. Dec.

---

[2] "It is the plaintiff's responsibility to keep the Court informed of [her] current address, and failure to do so may justify dismissal for failure to prosecute." *Sims v. Fernandez*, No. 03 Civ. 2997 (KMW) (DF), 2004 U.S. Dist. LEXIS 6108, at *4 (S.D.N.Y. Mar. 16, 2004); *see also Murray v. N.Y.C. Dep't of Corr.*, No.16-CV-0676 (AMD) (ST), 2016 U.S. Dist. LEXIS 178892, at *4 (E.D.N.Y. Dec. 23, 2016) ("Plaintiff's failure to maintain a valid address or other contact information on the docket and failure to make even a single attempt to reach out to the Court or counsel at any time during the last nine months has made prosecuting this case impossible. During this time, Plaintiff has missed multiple Court conferences and the case has not moved forward in any way.")

2, 2016) (finding a delay of three months warranted dismissal), *R & R adopted by* 2017 WL 2191620 (May 17, 2017); *Kent v. Scamardella*, No. 07 Civ. 844 (SHS), 2007 WL 3085438 (S.D.N.Y. Oct. 18, 2007) (finding delay of three months warranted dismissal). Additionally, a short delay may be significant where it "function[s] as a complete block to moving th[e] litigation forward." *Kent*, 2007 WL 3085438, at *2; *see also Peart v. City of New York*, 992 F.2d 458, 461 (2d Cir.1993) (finding that dismissal was appropriate for a ten-day delay where Plaintiff refused to proceed and failed to comply with multiple court orders).

Here, Plaintiff's delay is nine months in duration. Additionally, since Plaintiff has failed to communicate with the Court in any manner, the delay has functioned as a complete and indefinite block to advancing the litigation. Plaintiff's nine-month delay weighs in favor of dismissal.

Second, the Court evaluates whether Plaintiff was notified that failure to appear would result in dismissal. *Drake*, 375 F.3d at 255. Here, Plaintiff was warned that her continued failure to appear for scheduled conferences would result in a recommendation that her action be dismissed. (*See* Scheduling Order dated 10/15/2020). Although Plaintiff was absent for each conference, each warning was mailed to Plaintiff's last-known address via regular mail. Even one warning is sufficient, and thus the second factor weighs in favor of dismissal. *See, e.g., Peart*, 992 F.2d at 462 (finding that one verbal warning to Plaintiff's Counsel was sufficient notice that Plaintiff's case may be dismissed).

Third, the Court determines whether Defendant is prejudiced by Plaintiff's delay. *Drake*, 375 F.3d at 256. "Prejudice to defendants resulting from unreasonable delay may be presumed" but where the delay is "moderate or excusable, the need to show actual prejudice is proportionately greater." *Lyell*, 682 F.2d at 43. Put simply, the shorter or more excusable the delay, the greater the need to demonstrate actual prejudice. *Id.* Here, the delay was not excusable, and Plaintiff has made

no effort to justify her absence. Defendant suffered prejudice in the form of effort, time, and preparation by attending all scheduled conferences despite Plaintiff's repeated failure to appear. *See Kent*, 2007 WL 3085438, at *3 (finding that "[a]t a minimum, defendants have been prejudiced by the fact that they have expended time and resources to appear before the Court on two occasions on which neither plaintiff nor counsel appearing on her behalf appeared."). Additionally, Plaintiff has not contacted the Court since her attorney withdrew as Counsel in July 2020. According to her former attorney, Plaintiff is now in the Philippines without access to the internet, and Plaintiff does not have the means to return to the United States, or an expected return date. (*See* Mot. to Withdraw at 3). These factors indicate that the delay may continue indefinitely, which would continue to prejudice Defendant. The third factor weighs in favor of dismissal.

Fourth, the Court balances its need to manage a busy docket against Plaintiff's right to be heard. *See Bilal v. City of New York*, No. 17-CV-4498 (NGG) (SLT), 2020 U.S. Dist. LEXIS 62013, at *6 (E.D.N.Y. Apr. 8, 2020) *R & R adopted by* 2020 U.S. Dist. LEXIS 62012 (Apr. 8, 2020). Courts in the Second Circuit have found that the need to manage docket "congestion outweigh[s] plaintiffs' opportunity to be heard when the plaintiff has rebuffed opportunities to be heard and failed to attend judicial conferences." *St. Prix v. Sirus XM Satellite Radio*, No. 11 Civ. 1506 (CM) (KNF), 2014 U.S. Dist. LEXIS 13167, at *10 (S.D.N.Y. Jan. 29, 2014) (collecting cases). Further, "dismissing the case without prejudice adequately strikes the balance between the Court's need to 'manage efficiently a congested docket' and the 'the plaintiff's right to due process.'" *Chavis* v. City of New York, 17 Civ. 9518 (PAE) (BCM), 2018 U.S. Dist. LEXIS 211343, at *11 (S.D.N.Y. Oct. 12, 2018) (quoting *Jackson v. City of New York*, 22 F.3d 71, 76 (2d Cir. 1994) *R & R adopted by* 2018 U.S. Dist. LEXIS 109685 (Dec. 11, 2018)). Here, since proceeding *pro se*, Plaintiff has never communicated with the Court or opposing counsel, despite

being warned that her case would be dismissed should she fail to appear. (*See* Scheduling Order dated 08/24/2020; Minute Entry dated 10/15/2020). The Court has afforded Plaintiff continued opportunity to appear and argue against dismissal, but Plaintiff has not done so. Therefore, the fourth factor weighs in favor of dismissal.

Lastly, the Court considers the efficacy of sanctions less severe than dismissal. Plaintiff's failure to appear despite being warned that her case would be dismissed is evidence that lesser sanctions will not be effective. *See Kent*, 2007 WL 3085438, at *3 (finding that "no lesser sanctions would suffice" where plaintiff failed to appear or to obtain new counsel); *Europacific Asset Mgmt. Corp.*, 233 F.R.D. 344, 355 (S.D.N.Y. 2005) (holding that dismissal is appropriate where warnings have failed to motivate Plaintiff to "change [her] ways"). Plaintiff "has shown little interest in prosecuting this case," *Caussade v. United States*, 293 F.R.D. 625, 631 (S.D.N.Y. 2013) and it "is not an efficient use of the Court's or [D]efendants' resources to permit this case to languish on the docket in the hope that [P]laintiff will reappear in the future." *Davision v. Grillo*, No. 05-CV-4960 (NG) (LB), 2006 U.S. Dist. LEXIS 99587, at *6-*7 (E.D.N.Y. June 27, 2006) *R & R adopted by* 2006 U.S. Dist. LEXIS 99585 (Aug. 3, 2006). As discussed *infra*, Plaintiff is out of the country without internet access and it is unknown if, or when, she will return to the United States. Finally, the delay here is such that litigation cannot move forward without Plaintiff; therefore, no lesser sanction could address the problem. *See Lawal v. United States*, 90 F. App'x 568, 570 (2d Cir. 2004) (upholding the lower court's decision to dismiss an action where "the litigation could not proceed in the absence of" the plaintiff and thus a lesser sanction would not "have addressed the problem"). The fifth and final factor weighs in favor of dismissal.

"When imposed, the sanction of dismissal 'operates as an adjudication upon the merits,' but may be without prejudice if so specified by the court imposing it." *Lyell*, 682 F.2d at 43

(quoting Fed. R. Civ. P. 41(b)). Here, the statute of limitations will not prohibit Plaintiff from prosecuting this case in the future. In her complaint, Plaintiff alleges that she suffered "severe and serious personal injuries in mind and body" as a result of "Defendant's negligence, carelessness and recklessness." (Compl. ¶ 26; *see also* ¶¶ 27-30). The statute of limitations on such claims is three (3) years. Plaintiff allegedly sustained her injuries in October 2018. (Compl. ¶ 25). Under the statute of limitations, Plaintiff will have some opportunity to pursue this claim before October 2021 if she chooses to prosecute it in the future. In consideration of Plaintiff's *pro se* status and Plaintiff's ability to bring this claim again in the future, I respectfully recommend that this case be dismissed without prejudice. *See Dinkins v. Ponte*, No. 15 Civ. 6304 (PAE) (JCF), 2016 WL 4030919, at *4 (S.D.N.Y. July 26, 2016) (adopting report and recommendation).

## CONCLUSION

For the reasons set forth above, I respectfully recommend that this action be dismissed without prejudice pursuant to Rule 41(b) for failure to prosecute and failure to comply with a court order. Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable William F. Kuntz, II within fourteen (14) days of receipt hereof. Failure to file timely objections waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

RESPECTFULLY RECOMMENDED

*Ramon E. Reyes, Jr.*
_____
Hon. Ramon E. Reyes, Jr.
United States Magistrate Judge
Dated: April 19, 2021